Judge Owsley
delivered the Opinion of the Court.
This is an appeal from a judgment rendered by the court below in favor of Gaither, upon a report made out by commissioners, under the act of the Legislature of this state that passed in 1812, concerning occupying claimants.
Two questions were made in argument by the counsel of Bodiey.
1st. it was contended, that the title produced byGaither is not such as to bring his case within the provisions of the occupying claimant laws of Kentucky.
2nd. That the laws enacted by the legislature of Kentucky upon the subject of occupying claimants are contrary to the compart between Virginia and Kentucky, and therefore contrary to the constitution of the United States and void.
With respect to the first question, it is perfectly clear that the title produced by Gaither brings his case within the provisions of the law of this state concerning occupying claimants. The title of each party to this contest is derived under the land law of Virginia, and the title of both parties have their foundation of public record. To occupants having such a title, the provisions of the act of 1812 emphatically applies.
The ocoupa'nt law of 1812, hold to bo consistent with the co'm-pact and constitution in 1815, 4 Bibb 52, ¡U'.d ever since inforced, again declared valid.
This court is bound by the decisions of the supreme court only in cases sealing the construction of the constitution and laws of the United State.-., and where that court has a revising jurisdiction over its decisions.
'Whether this is a case of that class or not does not arise—
Bor—
Decisions not concurred in by a majority 0f the judges of the Su-Js^he case ot‘ Green and Biddle, are "ot aulh°ri'’ ty'
*58 The second question has long since been decided by this court. Shortly after the passage of the act of 1812, its validity was drawn in question and finally decided in the case of Fowler versus Halbert, Spring term 1815, 4 Bibb, 52. The provisions of the act of 1812 were, in that case, held not tobe inconsistent either with the compact between Virginia and Kentucky, or the constitution of this state, or the United States. That decision has heretoforfe been considered by this court as having put at restall questions as to the validity of the act. In the many cases which have since arisen under the act, and which have undergone the adjudication of this court, there has not escaped the slightest indi, cation of a change of opinion. To the contrary the validity of the act has been uniformly sustained, and its provisions enforced.
Aware that such had been the invariable decisions of this court, it was not attempted by the counsel of Bodley to controvert the validity of the act by arguments drawn from the constititution of the United States, or the compact between the States of Virginia and Kentucky; but we were refered to the case of Gr«.cn versus Biddle, 8 Wheaton 1, in which the supreme court of the United States adjudged the act of 1812 to be contrary to the compact between the States of Virginia and Kentucky, and in violation of the constitution of the United States; and it was contended, that the decision in that case is binding upon tliis court in the present case. That we should consider ourselves bound by the decisions of the Supreme court of tiie United States settling a construction of the constitution, or laws of the United States, in cases where the Supreme court possesses revising jurisdiction over the decisions of this court, we shall not pretend to controvert.
But whether or not the present case is one of that description, is unimportant in the present contest.
For the case of Green versus Biddle was decided by three only of the seven judges that compose the Supreme court of the United States; and being the opinion of less than a majority of the judges, cannot be considered as having settled any constitutional principle. It would not, we apprehend, even in that *59 court be considered conclusive in any subsequent case that may bo brought before it. Without, therefore, intending to admit the binding force of that decision upon this court if it had been the tinanimous opinion of all the judges'composing the supreme court, hut leaving the effect of such a decísion, if hereafter made, for future consideration, we have no hesitation, under the circumstances attending the case of Green versus Biddle, in not yielding to' its authority.
Bibb for appellant; Crittenden for appellee.
With the highest respect for the opinions of the members of the court concurring in that opinion, therefore, we must be permitted to say, that we still entertain the opinion, that the act of 1812, concerning occupying claimants, contains nothing incompatible with the constitution of the United States, or the compact between Virginia and Kentucky.
The judgment must consequently be affirmed with cost and damages.